IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

Roscoe Rhodes,                      )
                                     )
            Plaintiff,        )
        v.                    )     Civ. Act. No. _____
                                     )

Correct Care Solutions, LLC , or the )
correct name of the business or corporation )
that owns or controls the company that )
provides the employees and contractors )
who work(ed) at the Augusta Richmond )
County jail during 2016 to the present, )
and its successors and assigns, as a private )
company and operating under color of law, )
                                     )

Correctional Medical Group Companies, )
                                     )

Dr. Rogers, and/or any other John Doe )
Physician or Physicians, who supervised )
the medical staff as an employee or conthe )
sued individually and who WHO ARE )
Augusta-Richmond County, Georgia )
                                     )

John and Jane Doe Supervisor(s)/ )
Administrator whose true identity number )
and title are not known, )
                                     )

John or Jane Does who fill roles with titles )
Like Regional Manager, Health Services )
Administrator, Clinical Coordinator, )
Director of Nursing, Assistant Director )
Of Nursing and Mental Health Director, )
                                     )

Alisha Turvey, LPN, )
                                     )

Bevelyn Coping, )
                                     )

Chenis Turman, RN, )
                                     )

Cynthia Witcher, LPN, )
                                     )

Eunice Lowe, )
                                     )

1

Jerrio Wallace, RN,                               )
                                                  )
Kimberly Cunningham, RN,                          )
                                                  )
Kenya Ervin, LPN,                                 )
                                                  )
Kaydeen Porter, LPN,                              )
                                                  )
Patricia White,                                   )
                                                  )
Rochelle Larry, LPN,                              )
                                                  )
Shedericka Edwards,                               )
                                                  )
Teresa Leslie, LPN,                               )
                                                  )
Willie Baldwin, LPN,                              )
                                                  )
Augusta Richmond County,                          )
                                                  )
Mayor Hardy Davis in his Official                 )
Capacity,                                         )
                                                  )
Sheriff Richard Roundtree Individually            )
And in his Official Capacity and as               )
Policy Maker,                                     )
                                                  )
Chief Jailer or Administrator                     )
Richmond County Sheriff's                         )
Department                                        )
                                                  )
                     Defendants.                  )
_ ─────────────────────────────)

## COMPLAINT

COMES NOW, Plaintiff, Roscoe Rhodes, who shows the Court the following:

### Jurisdiction and Venue

1.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3)

because this action asserts a deprivation of one or more federal constitutional rights through 42

U.S.C. § 1983.

2

2.      The Civil Rights Act of 1871, 42 U.S.C. § 1983, provides that any "person who, under color of [law] … subjects, or causes to be subjected, any [person] … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured…" for the injuries caused.

3.      This Complaint also asserts supplemental state claims under 28 U.S.C. § 1367.

4.      Venue is proper within the Augusta Division because the challenged incident occurred when Plaintiff was detained in the Augusta-Richmond County Jail, known as the Charles B. Webster Detention Center, 1941 Phinizy Road, Augusta, GA 30906.

Parties and Mixed Factual Allegations

The Medical Records Show Medical Care Deliberately Indifferent to Serious Medical Need for a Prolonged Period, Amounting to a Custom and Practice, Where Policy Contributed to the Indifference, by Indifferent Supervision, Including by Policymakers, Down to Line Medical Providers, Applicable to All Counts – Means People Did Not Sign off on their Own indifference – Making it Difficult to Name Individuals With Hands On, Specific Indifference – Where the Predominant Cause of Injury is Cost-Driven Deliberately Indifferent Care.

5.      Mr. Rhodes' medical records, that were provided after a request of the same from Augusta-Richmond County Sheriff's Department, do not give the identification of those who failed, refused or decided not to provide ordered medical treatment and medication for asthma, hypertension and diabetes, nor mention that cost may have been a driver, versus a medical consideration, during his month-long jailing, beginning in mid-November, during which the medication was erratically provided, and breathing treatments that were necessary, with close monitoring, that involved using an atomizer machine several times daily as needed, were rarely provided, that resulted in Rhodes suffering serious asthma attack on December 21, 2016, an emergency hospitalization to the ICU, a loss of 36% of lung function and cognitive injury due to the lack of oxygen.

3

6.     The problem with naming parties is that the medical records do not reflect who decided not to give needed medication and breathing treatments.

7.     The deliberately indifferent care over a month, and almost daily issues with ignoring complaints about problems breathing to medical personnel, who Rhodes a cannot identify by name, show a plausible custom of indifference, rather than a case of a single incident of just one or several days.

8.     The medical records reflect that HCTZ was recorded as being administered at the jail on Dec. 21, 22, 23 and 25, but Rhodes was already in the hospital.

9.     The same was true of the records for Norvasc, indicating the jail provided it the 21st, 22nd, and 23rd.

10.     The discussion of the facts of two other detainees, John Lee (¶83-97) and Morgan Mizelle (¶ 98-125) also show a prolonged withholding of medication and disregard of symptoms that persisted for such a long time that even a lay person would recognize that professional medical attention was need for the apparently serious condition, and their record make it difficult to point out how each person played a role in the indifferent treatment day-to-day-to-day for months on end.

Parties

11.     Plaintiff Roscoe Rhodes, a competent adult, brings this action for deprivation of the federal right to be free from medical treatment that is provided with deliberate indifference to known need causing injury and creating a substantial risk of serious injury, actionable under 42 U.S.C. § 1983, and state claims of medical malpractice, as supplemental state claims under 28 U.S.C. § 1367.

4

12.     Defendant Correct Care Solutions, LLC, is sued for actions taken under color of law, as a corporation registered in Georgia, that had a contract or agreement with the Defendant Augusta-Richmond County, where the County has a duty under federal Constitution and the Constitution of the State of Georgia to provide medical care for detainees and inmates in the custody of Augusta Richmond County whereby Correct Care Solutions was under a contract to provide medical care for the detainees and inmates in the Augusta-Richmond County Jail for a fee, and did so by providing employees and contractors who were to provide medical care consistent with the law.

13.     Upon information and belief Correct Care Solution, LLC just joined with Correctional Medial Group Companies, several moths ago, so Plaintiff is without sufficient information to be any more particular than that.

14.     Correct Care Solutions, LLC, may not be the appropriate name of the entity that owns or controls the employees and contractors who provided medical care to the inmates and detainees at the Augusta Richmond County Jail during the period of 2016 to the present under an agreement or contract with the County, but to the extent another named entity or successor provided medical care for detainees and inmates in the Augusta Richmond County Jail at the material time of Plaintiff's incarceration in 2016, it is Plaintiff's intent to sue the company or persons who owned the business that had the contract or agreement with the County to provide medical care for the detainees and inmates of the Augusta Richmond County Jail during the period of 2016, pursuant to the County's non-delegable duty to  provide medical care.

15.     Correct Care Solutions, LLC also does business within the State of Georgia at 2985 Gordy Parkway, 1st Floor, Marietta, GA 30066, and the registered agent for purposes of service, Correct Care Solutions, LLC, according to the Georgia Secretary of State website on November

20, 2018, is Corporate Creations Network Inc., with a physical address of 2985 Gordy Parkway, 1st Floor, Marietta, GA 30066.

16.     In the state claim against Defendant Correct Care Solutions, LLC, alleging medical malpractice, it is sued for the actions and refusals to act of its agents, who by contract or agreement were supposed to provide medical care and medicine to inmates and detainees of the Augusta-Richmond County jail, for which Correct Care Solutions is vicariously liable, for individual acts and the prolonged and repeated refusals to provide medication and treatment ordered by physicians, decisions to take easier but less efficacious courses of treatment or care, and by treatment that is so cursory as to amount deliberately indifferent treatment or no treatment at all, that caused substantial risk and injury to numerous detainees and inmates, beginning in at least 2016 and continuing forward through at least 2017, if not longer, including Plaintiff when he was at the jail in November and December 2016.

17.     In the federal claims against Defendant Correct Care Solutions, LLC, it is used for the prolonged, repeated acts of medical negligence and gross negligence amounting to deliberate indifference to serious medical need by its agents, employees and contractors, amounting to a custom, or practice, or policies infused with and causing deliberate indifference to serious medical need, causing substantial risk and injury to Plaintiff and other detainees and inmates, beginning in at least 2016 and continuing forward through to the present.

18.     Defendant Correct Care Solutions, LLC is sued individually and jointly, and for actions taken in conspiracy with one or more defendant officers individually and/or in their individual and official capacity.

19.     Dr. Michael Rogers is a physician whose actions and inaction played a role in Rhodes' treatment associated with Correct Care Solutions, who is listed on the medical records from

Correct Care as having ordered certain medications early in Rhode's detention as "Ordering Provider," where by law only physicians can write prescriptions, as "Requesting Provider" on the 12/21/16 ER referral, and as "Dr." on another document about the referral of Plaintiff to the ER on 12/21/16 for the asthma attack.

20.     Defendant Dr. Rogers, worked as an employee of, or contractor for or agent of Correct Care Solutions, LLC., who is sued for medical malpractice under state law, and in an individual and official capacity for action and inaction under color of law in causing the deprivation of one or more federal rights of Plaintiff Rhodes, and for actions taken in conspiracy with one or more persons individually and/or in their official capacity.

21.      Dr. Rogers is sued for actions taken under color of law as a policy maker who made final medical decisions that were deliberately indifferent to the needs of Rhodes and others detained at the Charles B. Webster Detention Center during the material period, and in the alternative he is sued as the ultimate policy maker and supervisor over deliberately indifferent failed supervision, as to whether on a day-to-day basis the subordinate agents of Correct Care Solutions were providing care that was negligent and or deliberately indifferent to serious medical needs, by the prolonged and repeated acts of one or more individuals, pursuant to what amounted to a practice and custom of the provision of medical care that was deliberately indifferent to the known serious medical needs of those detained at the Charles B. Webster Detention Center during the period of 2015 and forward, where those customs,  practices and policies, left uncorrected because of prolonged failed supervision, caused the complained of injuries herein.

22.     Defendant John or Jane Doe supervisor(s)/administrator(s) whose true identity, number and title are not known to Plaintiff, but whose identity and title are known to Defendant Correct Care Solutions, LLC, and their agents, and who were responsible for supervising subordinate

7

medical personnel, and for making medical decisions about detainees, who played a role in causing or implementing customs, policies or practices, whereby expensive medications and treatments are denied to detainees and inmates like Plaintiff, and others similarly situated who need medication or treatments that are expensive, but that one or more of the Defendants has decided will not be provided; or in the alternative, the named individual Defendants may be refusing or failing to provide medication that should have been provided.

23.    Plaintiff sues the Doe supervisors for action taken under color of law in their individual capacity, except as to those supervisors who in their official capacities, de facto or de jure, functionally or by title, alone or in conjunction with others, became final policy makers about the provision of medical care or treatment, driven by cost versus medical need.

24.    Based on the experience of other lawyers in prior litigation with Defendant Correct Care Solutions, and information they have learned in litigation, the titles of person, who are not doctors, but who are assigned by policy practice and custom, and are allowed to make decisions that are cost-driven, not consistent with doctor's orders, known need for medical treatment and that were likely to create a substantial risk of serious medical need when, as was the case here during 2016, when carried out over a prolonged period, causing undue delay in treatment, causing injury, are: Regional Manager (generally not on site), Health Services Administrator, Clinical Coordinator, DON or Director of Nursing, Assistant Director of Nursing, and Mental Health Director, and other titles not yet known, and known to Defendants, including one or more agents of the Sheriff's Department, where a summons needs to issue as to John or Jane Doe(s), as to the aforementioned titles, or similar titles.

25.    The names, identity and number of the supervisors referred to in the paragraph are not known to Plaintiff, but are known the Defendants.

26.     Defendant Alisha Turvey, LPN, (Def. Turvey), is an LPN who worked as an employee of, or contractor for Correct Care Solutions, LLC., who is sued for medical malpractice under state law, and for action and inaction under color of law in causing the deprivation of one or more federal rights of Plaintiff Rhodes in an individual capacity, and for actions taken in conspiracy with one or more persons individually and/or in their official capacity.

27.     Defendant Bevelyn Coping, (Def. Coping) is an employee of, or contractor for Correct Care Solutions, LLC.  Def., who is sued for medical malpractice under state law, and for action and inaction under color of law in causing the deprivation of one or more federal rights of Plaintiff Rhodes in an individual capacity, and for actions taken in conspiracy with one or more persons individually and/or in their official capacity.

28.     Defendant Chenise Turman, RN (Def. Nurse Turman) is a Nurse who worked as an employee of or contractor for Def. Correct Care Solutions, LLC., who is sued for medical malpractice under state law, and for action and inaction under color of law in causing the deprivation of one or more federal rights of Plaintiff Rhodes in an individual capacity, and for actions taken in conspiracy with one or more persons individually and/or in their official capacity.

29.     Defendant Cynthia Witcher, is an LPN, who worked as an employee of or contractor for Def. Correct Care Solutions, LLC., who is sued for medical malpractice under state law, and for action and inaction under color of law in causing the deprivation of one or more federal rights of Plaintiff Rhodes in an individual capacity, and for actions taken in conspiracy with one or more persons individually and/or in their official capacity.

30.     Defendant Eunice Lowe, who worked as an employee of or contractor for Def. Correct Care Solutions, LLC., who is sued for medical malpractice under state law, and for action and

inaction under color of law in causing the deprivation of one or more federal rights of Plaintiff Rhodes in an individual capacity, and for actions taken in conspiracy with one or more persons individually and/or in their official capacity.

31.    Defendant Jerio Wallace, RN, who worked as an employee of or contractor for Def. Correct Care Solutions, LLC., who is sued for medical malpractice under state law, and for action and inaction under color of law in causing the deprivation of one or more federal rights of Plaintiff Rhodes in an individual capacity, and for actions taken in conspiracy with one or more persons individually and/or in their official capacity.

32.    Defendant Kimberly Cunningham, RN, who worked as an employee of or contractor for Def. Correct Care Solutions, LLC., who is sued for medical malpractice under state law, and for action and inaction under color of law in causing the deprivation of one or more federal rights of Plaintiff Rhodes in an individual capacity, and for actions taken in conspiracy with one or more persons individually and/or in their official capacity.

33.    Defendant Kenya Ervin, LPN who worked as an employee of or contractor for Def. Correct Care Solutions, LLC., who is sued for medical malpractice under state law, and for action and inaction under color of law in causing the deprivation of one or more federal rights of Plaintiff Rhodes in an individual capacity, and for actions taken in conspiracy with one or more persons individually and/or in their official capacity.

34.    Defendant Kaydeen Porter LPN who worked as an employee of or contractor for Def. Correct Care Solutions, LLC., who is sued for medical malpractice under state law, and for action and inaction under color of law in causing the deprivation of one or more federal rights of Plaintiff Rhodes in an individual capacity, and for actions taken in conspiracy with one or more persons individually and/or in their official capacity.

35.     Defendant Patricia White who worked as an employee of or contractor for Def. Correct Care Solutions, LLC., who is sued for medical malpractice under state law, and for action and inaction under color of law in causing the deprivation of one or more federal rights of Plaintiff Rhodes in an individual capacity, and for actions taken in conspiracy with one or more persons individually and/or in their official capacity.

36.     Defendant Rochelle Larry LPN, who worked as an employee of or contractor for Def. Correct Care Solutions, LLC., who is sued for medical malpractice under state law, and for action and inaction under color of law in causing the deprivation of one or more federal rights of Plaintiff Rhodes in an individual capacity, and for actions taken in conspiracy with one or more persons individually and/or in their official capacity.

37.     Defendant Shedericka Edwards who worked as an employee of or contractor for Def. Correct Care Solutions, LLC., who is sued for medical malpractice under state law, and for action and inaction under color of law in causing the deprivation of one or more federal rights of Plaintiff Rhodes in an individual capacity, and for actions taken in conspiracy with one or more persons individually and/or in their official capacity.

38.     Defendant Teresa Leslie who worked as an employee of or contractor for Def. Correct Care Solutions, LLC., who is sued for medical malpractice under state law, and for action and inaction under color of law in causing the deprivation of one or more federal rights of Plaintiff Rhodes in an individual capacity, and for actions taken in conspiracy with one or more persons individually and/or in their official capacity.

39.     Defendant Willie Baldwin who worked as an employee of or contractor for Def. Correct Care Solutions, LLC., who is sued for medical malpractice under state law, and for action and inaction under color of law in causing the deprivation of one or more federal rights of Plaintiff

Rhodes in an individual capacity, and for actions taken in conspiracy with one or more persons individually and/or in their official capacity.

40.    Defendant Augusta-Richmond County is sued for failing in its duty to provide medical treatment that is not inhumane and for having policies practices and customs of a delivery of medicine and medical care by its agent that are deliberately indifferent to the serious medical needs of the detainees and inmates such as Plaintiff Rhodes during the period 2016 to present when Correct Care Solutions was providing medical care.

41.    Defendant Augusta-Richmond County is sued through its mayor Hardy Davis in his official capacity and the sheriff Richard Rountree in his official capacity for the deliberately indifferent medical care provided to detainees and inmates, like Plaintiff, during the period 2016 to present when Correct Care Solutions was providing medical care.

42.    Defendant Augusta Richmond County Sheriff Richard Rountree is also sued in his individual capacity for actions and inactions taken under color of law as a policymaker in the area of medical care and supervisor over the jail he knew or should have known of the deliberately indifferent medical care that was being provided to the detainees and inmates like Plaintiff, during the period 2016 to present when Correct Care Solutions was providing medical care.

43.    Defendant Chief jailer or jail administrator, whose name and number are not presently known to Plaintiff, who held the position that functioned as the policymaker with oversight for the provision of medical care at the Augusta-Richmond County Jail, by deputies or medical personnel of Augusta of Richmond County, or by agents of the medical contractor, Correct Care Solutions, LLC, is sued individually and in his official policymaking capacity for actions taken and refused to be taken under color of law and for failure to supervise in a way that was not

deliberately indifferent to facts which he knew or should have known had he or she been acting as a reasonably objective supervisor over jail medical administration.

44.    All Defendants are sued individually and jointly, and for acting in conspiracy with one another.

Facts

45.    Plaintiff Roscoe Rhodes

46.    As of November 2016, Roscoe Rhodes was 60 years old, and since 2001 has been in the medical care of Dr. James K. Smith, Pulmonary Chief, at the Charlie Norwood VA in Augusta.

47.    Dr. Smith has been treating Rhodes for asthma, and physicians at the VA also treat Rhodes' hypertension and deep vein thrombosis.

48.    Prior to 2001 Rhodes was hospitalized at least once a year for a lung related issue, but after Rhodes began seeing Dr. Smith in 2001, Rhodes has had few hospitalizations related to asthma and his lung functioning has remained fairly steady, subject to some age related diminution.

49.    On November 18, 2016, Mr. Rhodes was incarcerated for a failure to appear on a DUI charge at Charles B. Webster Detention Center, in Augusta, which is the jail for Augusta-Richmond County.

50.    Rhodes' serious medical conditions of asthma, hypertension and diabetes were under control in November 2016 when he entered the Augusta-Richmond County jail.

51.    For many years, Rhodes was treated by Dr. Smith at the VA for his asthma, "rather brittle asthma," and chronic obstructive pulmonary disease.

52.    Prior to 2001, and Dr. Smith's involvement, Rhodes was admitted yearly due to asthma.

53.   Since beginning with Dr. Smith, in 2001, he had only one hospitalization for lung related disease.

54.   Other Doctors at the VA treated the diabetes and hypertension.

55.   According to the records there was an extensive intake health screening

56.   The asthma attack required an emergency hospitalization where he required CPR resuscitation and mechanical ventilation.

57.   He was released from the hospital on December 31, 2016.

58.   A short time later he went to the VA, and Dr. Smith, his long-time doctor for asthma, whose treatment of Rhodes had the asthma under control, noted that Rhodes suffered a substantial worsening of his lung functioning, reporting a reduction in lung volume of 36%.

59.   Dr. Smith noted cognitive issues, and referred Mr. Rhodes for neuropsychological testing by Debra Pierce, Ph.D., who found cognitive diminution, which she attributes to atoxia, which was caused by the asthma attack that prevented adequate oxygen from getting to his brain.

60.   The asthma attack, was caused by the medical indifference and negligence caused by Correct Care Solutions, its agents and policymakers, its practices and customs during the month of indifferent medical treatment.

61.   Each of Rhodes' medical conditions asthma, hypertension and deep vein thrombosis presents a serious medical such that if there is undue or material delay in treating these conditions poses a substantial risk of serious harm.

62.   Lay persons and jailers with basic medical training for jailer, and any objective health care provider trained to work in jails or hospitals would know, that if asthma goes untreated without regular mediation and breathing treatment if ordered, that poses a substantial risk of

serious of harm of an asthma attack, which is recognized by anyone as sever breathing difficulties.

63.     Any one knows that breathing difficulties can result in a lack of oxygen.

64.     Anyone knows that inadequate oxygen, from breathing difficulties, whether from smothering, drowning, choking or some medical condition, even for a short period, can result is brain damage.

65.     Rhodes' asthma had been diagnosed by physicians and the physician mandated treatment.

66.     The Defendants County, Sheriff and Chief jailer are responsible to ensure that persons detained in the Charles B. Webster Detention Center receive medical treatment that is not inhumane, under state law, and deliberately indifferent to known medical need, under federal law.

67.     The Defendant County had an agreement or contract with Correct Care Solutions whereby Defendant Correct Care would provide medication and medical treatment to the detainees and inmates for a fee paid by the County, under its duty to provide medical for those in the county's jail.

68.     The Defendant County hired employees or contractors to oversee the medical care.

69.     At intake Mr. Rhodes was examined by an agent of Correct Care Solutions, the medical contractor for the Detention Center, about his condition and prescribed medications.

70.     From the very outset of his incarceration there was a difference between what Mr. Rhodes was taking and doing at home, versus what was provided by the jail.

71.     Mr. Rhodes believes that on November 18, 2016 he would have told the intake personnel about the following medications.

Coumadin 5mg

Albuterol PRN

Metroprolol (JPB013)


72.     Mr. Rhodes was on several other medications at the time, but could not remember them all.

73.      Mr. Rhodes is likely to have informed them that he was doing four lung treatments daily with Ventolin.

74.     On November 21 or 22, 2016, Mrs. Rhodes went to the Detention Center with the box of medications Mr. Rhodes was taking at home. She met with an agent for Correct Care and went through the box of medications. Mrs. Rhodes believes there were many more medications than the five on the list that follows.  The agent made a list and gave the box of medications back to Mrs. Rhodes. The following is from a list on a document received from the institution relating to the meeting with Mrs. Rhodes:

Omeprazole 20 mg

Atorvastatin 80 mg

Symbicort inhaler

Finasteride 5mg

Guaifenesin 400

75.     Correct Care started providing the following:

Coumadin 5mg

Albuterol PRN

Metroprolol

Prednisone

76.    About a week or so later, Dr. Michael Rogers, with correct care, prescribed Mr. Rhodes

the following medications as of November 28, 2016, but that does not mean they were provided:

Coumadin

Hydrochlorothiazide

Norvasc

prednisone

solu-medrol

albuterol sulfate

Ventolin HFA

77.    Also, Mr. Rhodes reports that he never received four breathing treatments. Some days he

got no breathing treatments, and on a good day he got two.

78.    Rhodes and his roommate had to complain and try to get help repeatedly.

79.    On December 21, 2016, Mr. Rhodes was incapacitated in his cell and his cell mate

summoned help.

80.    Mr. Rhodes was taken to University Hospital and put in the ICU on December 21, 2016,

where he required CPR resuscitation and mechanical ventilation. He was released from the

hospital on December 31, 2016, and then went home.

81.    A short time later he went to the VA and Dr. Smith noted that Rhodes suffered a

substantial worsening of his lung functioning, reporting a reduction in lung volume of 36%.

82.    Dr. Smith noted cognitive issues and referred Mr. Rhodes for neuropsychological testing

by Debra Pierce, Ph.D., who found cognitive issues, which she attributes to atoxia.

83. Plaintiff suffered and will continue to suffer mental anguish.

John Lee

84.   Mr. Lee, 53 years old, went into the Augusta-Richmond County jail on January 17, 2017.

85.   Mr. Lee has diabetes and anxiety attacks, that usually would occur at night unless he had medication.

86.   For years he has not had to take insulin because of combination of drugs prescribed by his local physician.

87.   At initial intake he listed medication, and the following list is that medication and the related action and inaction of Correct Care agents.

     a.   Lisdinopril - for heart, he received none.

     b.   Metformin  - diabetes, given half needed dosage

     c.   Glimetiride – diabetes, given once a day

     d.   Buspirone – anxiety, given none

     e.   Fenofibrate – heart, triglycieride, given none, very expensive

     f.   Pioglitazone – diabetes, none

     g.   Lorazepam – anxiety, given none

     h.   Atenolol – heart, inexpensive, received the whole time

     i.   Zetea – cholesterol/heart, $400/30 days, given none

     j.   Junovia – diabetes, $450 per month, given none

     k.   Duspirone – anxiety, this is non-narcotic, given none.

88.   Early in his stay he was asked if he had insurance, which he does not, and he pays out of pocket, about $2000 per month for his own medication through various real estate businesses.

89.   Mr. Lee has a JD from South Carolina, 1987.

90.     The medical people had obtained his medication records from Costco, and this prompted them to ask if he had insurance.

91.     In 1998 he had serious heart surgery.

92.     Every night he had anxiety attacks that went untreated, which are terrifying emotionally to the point of being physical and he begged repeatedly for medication.

93.     Because he was not getting the full complement of medication he had taken for years, and had not needed insulin, his blood would spike to 200 and they would shoot him with insulin, almost daily.

94.      This use of insulin can cause long term damage.

95.     One nurse would say that the anxiety was just in his mind.

96.     For years he has not had to take insulin because of combination of drugs prescribed by his local physician.

97.     As a result of his treatment in the Augusta-Richmond County jail, when he comes to Augusta, he frequently has panic attacks, complicated by diarrhea, from the psychological effects of medical mistreatment for 30 days.

Morgan Mizelle

98.     Mr. Mizelle is a 47-year-old man who was arrested on January 4, 2017 for a narcotics charge in Richmond county GA.

99.     When being processed into the jail on January 5, 2017 his weight was recorded at 312 lbs.

100.    The last time his weight was recorded before his release was on November 2, 2017, at this time, he weighed 211 lbs.

101.    He was released on an own recognizance bond on November 18, 2017.

102.    He was diagnosed with stage IIB gastric cardia adenocarcinoma (esophageal/stomach cancer) on January 5, 2018.

103.    Mr. Mizelle is six feet tall; when he entered the county jail he was over 300lbs.

104.    He self-reports that he has been heavy for his entire adult life and has been at around that weight for several years.

105.    Prior to his arrest Mr. Mizelle remembers having thrown up 3-4 times throughout the month of December 2016.

106.    At the time, he attributed this to having eaten unhealthfully over the holiday season and his history of acid reflux.

107.    He did not visit a doctor regarding these few instances of vomiting.

108.    Although Mr. Mizelle had been having some digestive issues before he was arrested, his symptoms drastically escalated once he got to the jail. After about a month of being in the jail, he was unable to keep food down without vomiting.

109.    This is what caused his dramatic weight loss.

110.    The vomiting escalated to the point where he would do so after every single meal.

111.    The only food he could keep down was milk and boost energy drinks. Ms. Collins reported that he would take milk and try to mix it with peanut butter to get down some sort of protein.

112.    Sick calls and Grievances: Mr. Mizelle reported writing numerous sick calls and grievances to the kiosk.

113.    He also mentioned that if you submit too many grievances for the same issue in a week period (more than 2-3) officers will lock you out of the kiosk system.

114.    Mr. Mizelle reports that he got "locked out" an average of once a month.

20

115.    Mr. Mizelle also put in sick calls continuously.

116.    The jail records we received show that Mr. Mizelle filed 5 sick calls and 2 grievances

pertaining to this issue during his time at the jail.

117.    He submitted numerous sick calls pertaining to other medical issues as well.

118.    Mr. Mizelle reports not receiving any constructive or beneficial care.

119.    His only treatment was being given ibuprofen for his stomach pain (he describes as a

constant pressure) and eventually being put on a "boost drinks" diet.

120.    He was given these meal replacement drinks very inconsistently.

121.    His records from the jail show he was also prescribed an extra strength nausea reliever

and acid reflux medicine, but both were administered inconsistently and were ineffective at

treating his vomiting and subsequent weight loss.

122.    He was not taken to an outside specialist until November 1, 2017 at which point he had

already lost approximately 100lbs from lack of food.

123.    He was taken to a GI clinic. Mr. Mizelle reports that at this visit no evaluations were

done, and no tests were run.

124.    The GI clinic recommended Mr. Mizelle be scheduled for an endoscopy.

125.    The jail doctor reported they would schedule him but did not do so before he was

released.

Lawsuit

126.    There is a case pending in the State Court of Richmond County, Case No. 2017

RCSC00672, Rhett Black and Daffny Leverett, Administrators, v. Correct Care Solutions, LLC,

which asserts that the decedent, Debra Leverett died as a result of prolonged medical negligence

during the period March to May 2016, while in the Augusta Richmond County jail.

127.    This Court may take judicial notice of the Third Amended Complaint filed 11/10/2018, reflecting the poor medical documentation and the allegations of medical negligence.

128.    This court may take judicial notice of the hundreds of lawsuits filed against Correct Care Solution across the country for medical indifference, driven by cost savings decisions without medical basis in good faith.

Count I:

129.    Correct Care Solutions is sued for custom practice and policy of indifference as outlined above.

130.    Richmond County is sued for custom and practice of indifference.

Count II:

131.    Each of the named individual and those whose names are not known are sued for deliberate indifference to serious medical needs, as outlined above, and is incorporated  herein...

Count III: Medical Malpractice

132.    Correct Care Solutions, LLC is sued for medical negligence and not providing the care consistent with the standard of care and causing injury to Plaintiff, through the acts of its agents for shih it is liable.

133.    Dr. Rogers is sued for medical negligence, and not providing the standard of care required under the circumstances.

134.    Other health care providers are sued for their medical negligence.

135.     The acts of these defendants involved willful misconduct, malice, wantonness, and conscious indifference, so plaintiff specifically prays for punitive damages pursuant to O.C.G.A. § 51-12-5.1

W H E R E F O R E, Plaintiff prays judgment against one or more Defendants, individually or jointly for the following:

a.      Compensatory damages as allowed by law;

b.      Special damages, as more particularly shown at trial;

d.      Damages for injuries caused by deprivation of Constitutional rights under the United

States Constitution;

e.      Punitive damages against each Defendant individually;

f.      Reasonable attorney fees, costs and expenses of litigation under 42 U.S.C. § 1988 and for award of fees under state law.

Any other and further relief so ordered.

A JURY TRIAL IS HEREBY REQUESTED.

Respectfully submitted this the 19th day of December, 2018.

/s/ John P. Batson
John P. Batson
Ga. Bar No. 042150
Attorney for Plaintiff Rhodes


Prepared by:

John P. Batson
P. O. Box 3248
Augusta, GA 30914
Phone: 706-737-4040
FAX: 706-736-3391
Email: jpbatson@aol.com