IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
ROSCOE RHODES,                    *
                                  *
      Plaintiff,                  *
                                  *
      v.                          *    CV 118-219
                                  *
CORRECT CARE SOLUTIONS, LLC,      *
et al.,                           *
                                  *
      Defendants.                 *
```

### O R D E R

Before the Court are Augusta-Richmond County and Mayor Hardie Davis, Jr.'s (collectively, "Defendants") motion to dismiss and motion to dismiss the amended complaint. (Docs. 60, 86.) For the following reasons, the motions are denied as moot and granted, respectively.

### I. Background

The alleged facts relevant to the instant motion are as follows. Plaintiff Roscoe Rhodes was detained at the Richmond County Jail on November 18, 2016. Plaintiff suffered from a number of medical conditions, including asthma, hypertension, and diabetes. In December of 2016, Plaintiff suffered an asthma attack requiring emergency hospitalization resulting in a loss of lung function and cognitive injury. Plaintiff is suing over twenty

defendants under various legal theories but asserts only Section 1983 claims for deliberate indifference to medical needs against Augusta-Richmond County (the "County") and its Mayor in his official capacity, who now move to dismiss the claims against them.

II. Legal Standard

A motion to dismiss a complaint does not test whether the plaintiff will ultimately prevail on the merits of the case. Rather, it tests the legal sufficiency of the pleading. Scheur v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Davis v. Scherer, 468 U.S. 183, 191 (1984). Therefore, the Court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). The Court, however, need not accept the pleading's legal conclusions as true, only its well-pleaded facts. Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009).

A complaint must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

2

Although there is no probability requirement at the pleading stage, "something beyond [a] mere possibility . . . must be alleged." Twombly, 550 U.S. at 557-58 (citing Durma Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005)). When, however, based on a dispositive issue of law, no construction of the factual allegations of the complaint will support the cause of action, dismissal is appropriate. See Exec. 100, Inc. v. Martin Cty., 922 F.2d 1536, 1539 (11th Cir. 1991).

### III. Discussion

Defendants filed two motions to dismiss: one applies to the original complaint and one to the amended complaint. Because the first complaint is no longer operative, Defendants' first motion to dismiss is moot.

The second motion to dismiss is based on one argument, namely that a defendant county[1] can only be liable under 42 U.S.C. § 1983 if it is responsible for an official policy that causes a constitutional violation and that the County could not possibly be responsible for such a policy in this case.

---

[1] A suit against a county official in his or her official capacity is considered a suit against the county. See Lee v. Christian, 221 F. Supp. 3d 1370, 1380 (S.D. Ga. 2016) ("Suits brought against public employees in their official capacity are considered suits against the governmental entity for which they are employed, and therefore are foreclosed." (citing Cameron v. Lang, 549 S.E.2d 341, 344-47 (Ga. 2001))). Accordingly, Defendants' argument applies equally to the County and its Mayor in his official capacity.

"A county is 'liable under section 1983 only for acts for which [it] is actually responsible.' Indeed, a county is liable only when the county's 'official policy' causes a constitutional violation." Grech v. Clayton Cty., 335 F.3d 1326, 1329 (11th Cir. 2003) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (2018); quoting Marsh v. Butler Cty., 268 F.3d 1014, 1027 (11th Cir. 2001) (en banc)). A plaintiff has two methods of establishing a county's official policy: (1) by identifying an officially promulgated county policy, or (2) by identifying an "unofficial custom or practice of the county shown through the repeated acts of a final policy maker for the county." Id. (citing Monell, 436 U.S. at 690-91; Brown v. Neumann, 188 F.3d 1289, 1290 (11th Cir. 1999)). In either event, a plaintiff must show that the government entity has authority and responsibility over the governmental function at issue. See id. at 1330. This is the hurdle Plaintiff cannot clear in this case. Defendants are not responsible for providing medical treatment to detainees housed in the County jail.

Georgia law governs the provision of medical services in county jails. O.C.G.A. § 42-4-4 states that it is the sheriff's duty to "furnish persons confined in the jail with medical aid." Further, the sheriff's duty and authority to manage the jail is derived from the State and not the county. See Manders v. Lee, 338 F.3d 1304, 1315 (11th Cir. 2003); see also Lake v. Skelton, 840 F.3d 1334, 1338 (11th Cir. 2016) ("[T]he [sheriff's] office is

independent from [the] County and its governing body." (citing Ga. Const. art. IX, § II, para. 1(c)(1))).

While O.C.G.A. § 42-5-2(a) provides that the "governmental unit, subdivision, or agency having the physical custody of an inmate" is responsible for providing medical care to the inmate, the Eleventh Circuit has ruled that the sheriff, and not the county, is the governmental agency with custody of inmates. See Lake, 840 F.3d at 1340 ("The sheriff, not the county, is the 'governmental unit, subdivision, or agency' having custody of inmates in county jails.") All Section 42-5-2 requires of counties is to fund the provision of medical care. See id. at 1341 ("[T]he county must fund the provision of medical care, and the sheriff must select an appropriate provider and ensure that inmates receive care when necessary.")

Stated more succinctly, beyond funding, the County is in no way involved with the provision of medical care in its jails. The State delegates those duties to the sheriff, who does not act on behalf of the county when fulfilling them. Thus, Plaintiff's claim against Defendants fails as a matter of law. No matter what Plaintiff alleges, Defendants are not actually responsible for providing his medical care. See Grech, 335 F.3d at 1329 (ruling that a county can only be held liable under 42 U.S.C. § 1983 for acts it is actually responsible for).

## IV. Conclusion

Upon the foregoing, Defendants' motion to dismiss (doc. 60) is **DENIED AS MOOT**. Defendants' motion to dismiss the amended complaint (doc. 86) is **GRANTED**. Because no claims remain against Defendants Augusta-Richmond County and Mayor Hardie Davis, Jr., the Clerk is **DIRECTED** to **TERMINATE** these Defendants as parties to the case.

**ORDER ENTERED** at Augusta, Georgia this 10th day of December, 2019.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA